UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAVI KAPUR,

Plaintiff,

v.

DAVID SCOTT CACCHIONE, et al.,

Defendants.

Case No. 26-cv-02341-TLT

**ORDER GRANTING DEFENDANT VEEPIO HOLDINGS, LLC AND JONATHAN OHLIGER'S MOTION TO SET ASIDE ENTRY OF DEFAULT**

Re: Dkt. No. 17

Before the Court is Defendants Veepio Holdings, LLC ("Veepio") and Jonathan Ohliger ("Ohliger")'s Motion to Set Aside Entry of Default. ECF 17. On August 20, 2026, the parties also filed a joint status statement in connection with the entry of default as to Defendant David Scott Cacchione ("Cacchione"). ECF 50. The Court finds that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b).

The Ninth Circuit, following the *Frow* doctrine, has held that "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Invest., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("It would be unreasonable to hold, that because one defendant had made default, the plaintiff should have a decree even against him, where the court is satisfied from the proofs offered by the other, that in fact the plaintiff is not entitled to a decree.")). It follows from this rule that "if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants." *Id.* This rule extends beyond pure joint liability cases to include actions where there are non-defaulting defendants "who are similarly situated, even if not jointly and severally liable" and where denying default judgment is necessary to avoid an inconsistent result. *Id.*

In this action, the Complaint names three Defendants. ECF 1. Plaintiff alleges that these

Defendants "have acted in concert" in various unlawful activities. *Id.* ¶¶ 38–89. Plaintiff has not filed a Motion for Default Judgment. *See* ECF 14; Civil L. R. 7. Inconsistent adjudication remains possible if Veepio and Ohliger are not jointly liable for the alleged unlawful activities. Further, based on the parties' joint status statement, the Court finds that setting aside the entries of default against Veepio and Ohliger will not prejudice Plaintiff. *See* ECF 50 at 2–4.

Accordingly, the Court **GRANTS** Defendants Veepio and Ohliger's Motion to Set Aside Entry of Default.

The hearing on this motion set for **October 13, 2026**, is hereby **VACATED.**

The Clerk's Entry of Default against **Veepio and Ohliger**, ECF 13, is **VACATED**.

This Order does not resolve the status of the entry of default as to Defendant Cacchione.

**IT IS SO ORDERED.**

Dated: August 21, 2026

TRINA L. THOMPSON
United States District Judge

3.17.29
*See also:*
24-cr-00048-JD-1
United States v. Cacchione

United States District Court
Northern District of California